\#

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:21CR28 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| DALE SEARS, | ) | |
| | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

Pending before the Court are two motions in limine: one filed by Defendant Dale Sears seeking exclusion of certain evidence (Doc. 28) and one filed by the Government seeking permission to introduce the same evidence (Doc. 32). The Court now reviews the parties' arguments.

The parties disagree over the admissibility of three pieces of evidence. First, the parties dispute whether evidence should be offered as to the reason that officers first came to the residence at issue in Middlefield, Ohio. The Government seeks to introduce evidence that officers responded to a call alleging that Defendant has committed domestic violence against E.H. Second, the parties disagree regarding whether evidence of a firearm sale for a firearm that was not seized should be admitted. Finally, the parties dispute whether evidence of the seizure of firearms that were not included in the indictment should be admitted. The Court now reviews the admissibility of all three pieces of evidence.

To fall within the *res gestae* exception to Fed.R. Evid. 404(b), evidence must "consis[t] of

those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000). "Proper background evidence has a causal, temporal or spatial connection with the charged offense." *Id.*

Herein, the Court agrees that the Government has met its burden to demonstrate that the evidence at issue is properly admitted through the *res gestae* exception. With respect to the reason that officers first came to the home in Middlefield, Ohio – to respond to a report of domestic violence – the Court notes that the *allegations* that generated this call also caused E.H. to contact officers three days later and turn over six firearms and ammunition. Without this background evidence, a jury would not understand what caused E.H. to approach the police and the story would be incomplete. With that said, the jury will be given a strong limiting instruction regarding this evidence to minimize any possible prejudice stemming from the discussion of possible domestic violence.

Similarly, the introduction of evidence related to the seizure of the firearms, including those not charged in the indictment, also serves as proper background evidence. The other firearms were seized at the same time and from the same residence as those charged in the indictment. Accordingly, they are admissible. Once again, the jury will be given a limiting instruction explaining that the evidence was introduced as background evidence only and should not be relied upon to determine guilt.

Finally, evidence of the sale of a third firearm, a .380 caliber Ruger LCP II, is also proper background evidence. The search of the residence resulted in an indictment related to two firearms that D.S. allegedly sold to Defendant. The search also led to the recovery of .380 ammunition, but no related firearm. Evidence of the presence of the ammunition, however,

directly supports the testimony that the .380 firearm was sold to Defendant. Accordingly, the evidence also supports the Government's position that D.S. sold the two firearms listed in the indictment as well. The evidence, therefore, is properly admissible under the *res gestae* exception.

Defendant's motion in limine is DENIED. The Government's motion is limine is GRANTED.

IT IS SO ORDERED.


August 2, 2021  /s/ *John R. Adams*
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE