UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:21CR28 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>ORDER</u> |
| DALE E. SEARS, | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Dale Sears' motion for acquittal and in the alternative for a new trial. Doc. 46. The motion is DENIED.

**I.     Factual Background**

On January 28, 2021, a grand jury indicted Sears on one count of unlawful possession of a firearm or ammunition by a convicted felon. Sears pled not guilty to the indictment and the matter proceeded to trial on August 9, 2021. On August 12, 2021, the jury found Sears guilty of the sole count in the indictment.

On August 25, 2021, Sears sought and received an extension of time to file his motion for acquittal and/or a new trial. On September 2, 2021, Sears filed his motion, and the Government filed its response in opposition on September 16, 2021. The Court now resolves the motion.

## II. Legal Standard

Sears has moved for acquittal under Rule 29 and conditionally a new trial under both Rule 29 and Rule 33. In this context, the two rules are similar, but "are governed by different standards of review." *United States v. Dimora*, 879 F. Supp. 2d 718, 724 (N.D. Ohio 2012).

A. Rule 29

A Rule 29(c) motion for judgment of acquittal is a challenge to the sufficiency of the evidence, raised following a jury verdict or discharge. When reviewing a sufficiency of the evidence claim, a court must decide whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Gardner*, 488 F.3d 700, 710 (6th Cir. 2007); *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). "A defendant claiming insufficiency of the evidence bears a heavy burden." *United States v. Johnson*, 71 F.3d 539, 542 (6th Cir. 1995). This Court must draw all inferences from the evidence in favor of the prosecution. *United States v. Sherlin*, 67 F.3d 1208, 1214 (6th Cir. 1995).

When evaluating a motion under Rule 29(c), this Court can neither independently weigh the evidence, nor judge the credibility of the witnesses who testified at trial. *See United States v. Welch*, 97 F.3d 142, 148 (6th Cir. 1996). After a review of the evidence, a court may conclude that a conviction is supported by sufficient evidence even though the circumstantial evidence does not "'remove every reasonable hypothesis except that of guilt.'" *United States v. Jones*, 102 F.3d 804, 807 (6th Cir. 1996) (quoting *United States v. Clark*, 928 F.2d 733, 736 (6th Cir.1991)). In making this evaluation, the sufficiency of the evidence must be viewed in terms of the entirety of the record. *United States v. Stone*, 748 F.2d 361, 363 (6th Cir. 1984). Circumstantial evidence standing alone may sustain a conviction so long as the totality of the evidence is substantial enough

to establish guilt beyond a reasonable doubt.  *Id.*

B. <u>Rule 33</u>

Rule 33 provides that "[u]pon the defendant's motion, [a district] court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed.R.Crim.P. 33(a). The rule "does not define 'interest[ ] of justice' and the courts have had little success in trying to generalize its meaning." *United States v. Kuzniar*, 881 F.2d 466, 470 (7th Cir. 1989). However, "it is widely agreed that Rule 33's "interest of justice" standard allows the grant of a new trial where substantial legal error has occurred." *United States v. Munoz*, 605 F.3d 359, 373 (6th Cir. 2010).

A motion for a new trial under Rule 33(a) "may be premised upon the argument that the jury's verdict was against the manifest weight of the evidence." *United States v. Hughes*, 505 F.3d 578, 593 (6th Cir. 2007). However, a motion for a new trial under Rule 33(a) should only be granted "in the extraordinary circumstances where the evidence preponderates heavily against the verdict." *Id.* In considering a Rule 33(a) challenge to a conviction based on the weight of the evidence, a court can "consider the credibility of the witnesses and the weight of the evidence to insure that there is not a miscarriage of justice. It has often been said that ... [the judge] sits as a thirteenth juror." *United States v. Ashworth*, 836 F.2d 260, 266 (6th Cir. 1988).[1]

**III.  Analysis**

Sears' motion focuses upon two elements of his felon in possession conviction.  First, Sears contends that the jury lost its way when it found he had possessed only one of the two firearms charged in the indictment.  Next, Sears contends that the evidence did not support a finding that he was aware of his prior felony conviction.  The Court now reviews both those

---

[1] As Sears' arguments fail under either standard, the Court reviews them under the more favorable-to-Sears manifest weight standard.

arguments.

Initially, the Court notes that Sears appears to rely, at least in part, on questions that were posed by the jury during deliberations.  Sears has not provided any legal support to suggest that those questions should have any bearing on the Court's review of the evidence that was submitted.  While Sears seems to suggest that the questions demonstrate that the jury lost its way or formed certain conclusions, Sears assertions are nothing more than speculation regarding the mindset of jurors.   As such, the questions have no bearing on the Court's manifest weight review.

Sears next asserts that the jury lost its way when it found that he possessed only one of the two firearms at issue.  Essentially, Sears contends that because Seth Hamburg and Erin Havel both testified that he possessed both weapons, it was not possible for a jury to find him guilty of possession of only one of the firearms.   The Court disagrees.

Initially, the Court notes that Sears has not requested nor provided the transcript from his trial. Accordingly, his arguments are based on his and/or counsel's recollection and characterization of the testimony.  While Sears attempts to portray this testimony as simple and straightforward, the Court has a very different recollection of the manner in which the testimony was presented.  Hamburg's testimony was often jumbled and likely confusing to the jury.  He offered testimony about firing the 10/22 rifle but stated that the event occurred years before the rifle had been manufactured.  However, Hamburg was able to describe with detail the events surrounding the purchase of the rifle, including that another party, later identified as David Somrack, emerged from the store where it was purchased with the weapon.  Somrack then handed the weapon to Sears who took it to the home.

Unlike the rifle, Hamburg was able to offer little or no details surrounding the handgun he testified he had also fired with Sears.   However, unlike the rifle, the handgun was generally non-

descript. The rifle had a red "Ruger" sticker/lettering on its buttstock and had an extended magazine – making it easier for Hamburg to identify as the weapon that Sears had possessed.

Similarly, while Erin Havel testified that Sears had possessed both weapons, the jury heard cross-examination that a reasonable jury could have believed called into question her credibility in certain aspects. As a result, the jury was under no obligation to accept or reject her testimony in its totality. Accordingly, the fact that the jury found that Sears only possessed the rifle does not undermine the verdict. There was more than sufficient evidence presented to find that Sears physically possessed the rifle.[2]

Finally, Sears contends that the evidence failed to establish that he knew that he had been previously convicted of a felony. Sears appears to contend that because he was sentenced for two cases in Arizona on the same date, he could have been confused about his status as a convicted felon. The Government, however, produced Sears written plea agreement which include a paragraph that informed Sears that he was pleading guilty to a "Class 4 Felony." The following paragraph detailed the possible sentences that Sears could receive, noting that the conviction carried with it a maximum of more than three years in prison. Sears initialed next to both these paragraphs and signed the full plea agreement. Sears then pleaded guilty in open court. During that hearing, the Court confirmed that Sears understood the terms of his plea agreement and that he was knowingly and voluntarily pleading guilty to a Class 4 Felony. Accordingly, despite Sears alleged "confusion" regarding his conviction, the record is clear that Sears was fully informed that he was pleading guilty to a crime punishable by more than one year. His challenge to this element of his conviction lacks merit.

---

[2] Similarly, because there was ample evidence to support this finding, the Court need not further analyze whether Sears also constructively possessed the rifle.

Having presided over Sears' trial, the Court finds that the jury properly considered the evidence and that sufficient evidence was presented on each of the elements of Sears' crime to support his conviction. The jury did not lose its way, and the verdict was not against the manifest weight of the evidence.

### IV. Conclusion

Based upon the above, Sears' conviction is not against the manifest weight of the evidence. Moreover, there exists no other reason to support the Court ordering a new trial in this matter. Sears' motion for acquittal and/or a new trial is DENIED.

IT IS SO ORDERED.


January 7, 2022 /s/ John R. Adams
Dated JUDGE JOHN R. ADAMS
United States District Judge